## MITTEN BANK SECURITIES CORPORATION v. HUBER.
### No. 5395.

Circuit Court of Appeals, Third Circuit.

Sept. 5, 1934.

Rehearing Denied Nov. 8, 1934.

George H. Huft, of Philadelphia, Pa., for appellant.

Cecil P. Harvey, Martin Feldman, William Horenstein, and S. Davis Wilson, all of Philadelphia, Pa., for appellee.

Before DAVIS, Circuit Judge, and JOHNSON and FORMAN, District Judges.

JOHNSON, District Judge.

This is an action of assumpsit brought by George Huber, a citizen of the state of New Jersey, against Mitten Bank Securities Corporation, a corporation organized under the laws of the state of Pennsylvania, for the recovery of $5,940, with interest from December 18, 1929, representing the par value of 240 shares of preferred stock purchased of the Mitten Bank Securities Corporation, under an agreement of the corporation to purchase back the stock under certain conditions. The case was tried by the court and a jury, and a verdict was rendered for the plaintiff in the sum of $7,157.70. A motion for a new trial was refused, and on December 6, 1933, by direction of the trial court, judgment was entered for the plaintiff for $7,157.70, from which the defendant has taken an appeal to this court.

The material facts of the case are briefly as follows: The plaintiff purchased from the Mitten Bank Securities Corporation, the defendant, 240 shares of preferred stock of the corporation, at the par value of $25 per share, upon a written agreement or representation of the defendant to repurchase the stock as follows: "Ready Market. Until MBSC is listed on the stock exchange or until further notice a market for the purchase and sale of MBSC is maintained at Mitten Bank, Broad and Locust Streets, and at all other Mitten Bank locations. Should you be forced to sell, you will receive $25.00 per share par value. There is a charge of 25¢ per share to cover the cost of this service."

Plaintiff testified that on December 17, 1929, he called at the Mitten Bank office, Mitten building, Broad and Locust streets, Philadelphia, and demanded of D. E. Brown, assistant treasurer of the defendant, $25 per share on each of his 240 shares in accordance with the defendant's representation, but was dissuaded from demanding the repurchase; but that on December 18, 1929, he again called at the Mitten Bank offices, tendered his stock, and demanded of D. E. Brown, assistant treasurer, $25 on each share of his stock less service charge, whereupon Brown advised the plaintiff to call in three weeks and promised that plaintiff would be paid at that time, and that plaintiff accordingly called at the Mitten Bank office on January 9, 1930, again demanding his money, when he was refused and advised that the stock was listed on the exchange on December 19, 1929. Plaintiff averred and testified that he had no notice of the withdrawal of the inducement or any knowledge of the listing of the stock until January 9, 1930.

The defendant admits the purchase of the stock, the written agreement or representation, but denies that any legal or proper demand was made for the repurchase of the stock. The only point, therefore, at issue in the case was whether a proper demand for a refund or repurchase of the stock was made. Under the evidence, this was clearly a question of fact for the jury and not of law for the court. The plaintiff testified positively that he demanded the repurchase of the stock on December 18, 1929, before it was listed on the exchange on December 19, 1929. The demand was made, according to plaintiff's testimony, on D. E. Brown, assistant treasurer of the defendant company, at the Mitten Bank. The question of a legal demand was submitted to the jury, and the verdict was rendered for the plaintiff, and, unless some error in the submission was made, the verdict should not be disturbed.

Complaint is made against the charge of the court; but where exceptions were noted and any errors pointed out, the court properly corrected the same, so that no just complaint can now be made against the charge.

There was evidence to support the finding that the plaintiff complied with the conditions of the agreement required for the repurchase of his stock by the defendant, and that the defendant failed to comply with its agreement or representation.

The case was tried and fairly submitted to the jury and there was substantial evidence to support its verdict, and the judgment entered thereon is affirmed.